UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH OLIVER OWENS, #0290606,<br><br>Plaintiff,<br><br>v.<br><br>JUDGE FOILS, et al.,<br><br>Defendant(s). | Case No. 23-cv-04402-CRB  (PR)<br><br>**ORDER OF DISMISSAL**<br><br>(ECF No. 5) |

Plaintiff, a pretrial detainee at the San Mateo County Jail (SMCJ) in Redwood City, California and frequent litigant in this court, has filed a pro se complaint for damages under 42 U.S.C. § 1983 alleging various wrongdoing by several San Mateo County Superior Court judges in front of whom he has appeared during the past few years.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

It is well established that a state judge generally is "immune from suit for money damages." Mireles v. Waco, 502 U.S. 9, 9 (1991). This immunity is overcome in only two sets of circumstances. Id. at 11. "First, a judge is not immune from liability from nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (citations omitted). "[W]hether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." Stump v. Spakman, 435 U.S. 349, 362 (1978). A "complete absence of all jurisdiction" means a clear lack of subject matter jurisdiction. Miller v. Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

Plaintiff alleges that in 1991 the San Mateo County Superior Court judge assigned to his case improperly sentenced him to three years despite "not being picked out during a 'line up'" and the conviction was overturned. ECF No. 1 (Compl.) at 6. In 2003, plaintiff alleges that San Mateo County Superior Court Judge Follis "illegally incarcerated" him for "domestic violence" after striking plaintiff's wife's testimony that he "never struck her." Id. In 2018, plaintiff alleges that he represented himself in front of San Mateo County Superior Court Judge Ayoob and "won by all twelve jurors not guilty." Id. at 7. In 2022, San Mateo County Superior Court Judge Greenberg dismissed "a bogus 2nd degree robbery which never happened" but "illegally states on transcripts to say I'm going to lick your butt is a terrorist threat." Id.

None of the alleged actions by San Mateo County Superior Court judges presiding over plaintiff's cases during the past few years involve nonjudicial actions or judicial actions taken in the complete absence of all jurisdiction. See Mireles, 502 U.S. at 11-12. The named superior court judges consequently are "immune from suit for money damages." Id. at 9.

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted and/or seeking monetary relief from a defendant who is immune from such relief.

The clerk is instructed to close the file and terminate all pending motions (see ECF No. 5) as moot.

**IT IS SO ORDERED**.

Dated:  November 7, 2023

CHARLES R. BREYER
United States District Judge